# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerome M Skrtich, et al., | No. CV-22-01753-PHX-SMB |
| Plaintiffs, | **FINAL APPROVAL ORDER AND JUDGMENT** |
| v. | |
| Pinnacle West Capital Corporation, et al., | |
| Defendants. | |

This action came before the Court for hearing on December 1, 2025 to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, and Setting Date for a Fairness Hearing. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement.

1. The Court has jurisdiction over the subject matter of the Action and over all Parties, including all members of the Class.

2. For the sole purpose of settling and resolving the Action, the Court certifies this Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Class is defined as:

> all participants in and beneficiaries of the Pinnacle West Capital Corporation Retirement Plan (the "Plan") who began receiving a JSA or QPSA after November 1, 2016 through the date of entry of the Preliminary Approval Order.

3. The Court finds for the sole purpose of settling and resolving the Action that:

(a) as required by FED. R. CIV. P. 23(a)(1), the Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Class is so numerous that joinder of all members is impracticable.

(b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Class.

(c) as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Class that the Plaintiffs seek to certify.

(d) as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Class in that: (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Class members; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Class.

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Class would create a risk of: (i) inconsistent or varying adjudications as to individual Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such

persons to protect their interests.

(f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Class.

4. The Court hereby appoints Named Plaintiffs Jerome M. Skrtich, Joseph F. Peck, and Michael Riccitelli as Class Representatives for the Class and the law firms of Izard, Kindall & Raabe LLP and Motley Rice LLC as Class Counsel for the Class.

5. The Court hereby finds that the Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs, and for Case Contribution Awards to the Named Plaintiffs, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Class who could be identified through reasonable efforts, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

6. The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate to the Class, and more particularly finds that:

(a) The Settlement was negotiated vigorously and at arm's-length, under the auspices of the Mediator, by Defendants and Defense Counsel, on the one hand, and the Plaintiffs and Class Counsel on behalf of the Class, on the other

hand;

(b) Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(c) If the Settlement had not been achieved, Plaintiffs and the Class faced the expense, risk, and uncertainty of extended litigation;

(d) The amount of the Settlement – seven million dollars ($7,000,000) – is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Class Settlement Amount is efficient and requires no filing of claims. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Class Settlement Amount is within the range of settlement values obtained in similar cases;

(e) At all times, the Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Class; and

(f) The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

8. The method for determining Increased Monthly Benefits in Article 3 of the Settlement Agreement is finally approved as fair, reasonable, and adequate.

9. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, et seq., have been met.

10. The payment of the Attorneys' Fee and Cost Award to Class Counsel and Named Plaintiffs' Case Contribution Awards by the Plan are hereby determined by the Court to be a proper expense of the Plan and the trust thereunder related to maintaining their continuing compliance with ERISA and, therefore, is a reasonable expense of administering the Plan and is neither a settlor expense nor a distribution of benefits to Plan participants and their beneficiaries.

11. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 4 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Settlement Effective Date. Accordingly, the Court orders that, as of the Settlement Effective Date, Plaintiff, individually and in her capacity as Class Representative, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), and the Plan, hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, regardless of whether or not such Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims and regardless of whether such Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

12. With respect to the Released Clams, Plaintiffs, individually and in Their capacity as Class Representatives, and each Class Member hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." With respect to the Released Claims, the Plaintiff, individually and in her capacity as Class Representative, each Class Member, and the Plan, also hereby

waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13. The Plaintiffs, individually and their capacity as Class Representatives, and the Class Members are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

14. Plaintiffs and the Class Members hereby release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15. The operative complaint and all claims asserted therein in the Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

16. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Plan of Allocation, this Final Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and costs, and the Case Contribution Awards to the Plaintiffs, submitted pursuant to the Settlement Agreement.

17. Any motion to enforce this Final Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order or Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

18. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Approval Order and Judgment shall be rendered null and void, ab initio, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

19. Upon entry of this Order, all Parties shall be bound by the Settlement Agreement and this Final Order and Judgment.

Dated this 3rd day of December, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge